IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Kennedy, #185195, ) | C/A No. 5:14-1357-BHH-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v.           ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| Leroy Cartledge, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

James Kennedy ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 18, 19. On September 17, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 20. On October 6, 2014, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 23. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 18, be granted.

I.     Background

Petitioner is currently incarcerated in the McCormick Correctional Institution ("MCI") of the South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2007, Petitioner

was indicted at the April term of the Anderson County Grand Jury for first degree criminal sexual conduct ("CSC") with a minor (2007-GS-04-1293), three counts of second degree CSC with a minor, (2007-GS-04-1289, 2007-GS-04-1283, 2007-GS-04-1296), carnal knowledge of a woman child (2007-GS-04-1295), and three counts of committing a lewd act upon a child (2007-GS-04-1290, 2007-GS-04-1292, 2007-GS-04-1297). App. 55-78.[1] On February 6, 2009, Petitioner pleaded guilty to all charges before the Honorable J.C. Nicholson, Jr. App. 1-34. During his plea, Assistant Public Defenders Jennifer Johnson and Andrew Potter represented Petitioner, and Assistant Solicitor Kristen Reeves appeared on behalf of the State. *Id.* On February 9, 2009, Petitioner returned for sentencing, and the State recommended a thirty-year sentence on all charges. App. 44-45. Judge Nicholson did not accept the State's recommendation, *see* App. 44-46, and he sentenced Petitioner to 20 years confinement for second-degree CSC, 2007-GS-04-1293, 10 years for Lewd Act on a Child, 2007-GS-04-1290, twenty 20 years for second-degree CSC, 2007-GS-04-1289, ten years for Lewd Act on a Child, 2007-GS-04-1292, thirty years for Carnal Knowledge of a Woman Child, 2007-GS-04-1295, and ten years for Lewd Act on a Child, 2007-GS-04-1997, all to run concurrently. App. 52-53. Judge Nicholson sentenced Petitioner to consecutive sentences of 20 years for second-degree CSC, 2007-GS-04-1296, and 25 years for first-degree CSC, 2007-GS-04-1293. App. 53. As a result, Petitioner's aggregate sentence is 45 years. Petitioner did not directly appeal his guilty pleas or sentences. *See* App. 80.

II.     Procedural History

---

[1] Citations to "App." refer to the Appendix for Petitioner's guilty plea transcript and Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF No. 19-1 in this habeas matter.

2

Petitioner filed an application for post-conviction relief (PCR) on April 5, 2011, alleging the following claims:

(a) Ineffective Assistance of Counselor;
(b) Pre-Indictment Delay of more than 30-years on charges of criminal conduct with minor and lewd conduct on child; violated due process rights, and was substantially prejudiced.

App. 81. Petitioner alleged the following factual support:

(a) Counselor failed to file appeal;
(b) No evidence to support my conviction;
(c) 14th Amendment U.S.C.A. Violation.

*Id.* The State filed a Return and Partial Motion to Dismiss on October 26, 2011. App. 86-89. Thereafter a motions hearing convened on June 5, 2012, before the Honorable Alexander S. Macaulay. App. 91-126. Petitioner was present and represented by Attorney Hugh W. Welborn, and Assistant Attorney General Kaelon E. May appeared on behalf of the State. *See id.* Jennifer Johnson, Petitioner's plea counsel, also appeared and testified at the hearing. *Id.* After the hearing, the PCR court denied and dismissed Petitioner's PCR Application with prejudice on August 28, 2012, making the following summaries of evidence and testimony, findings of fact, and conclusions of law:

### *Applicant's Testimony*

At the PCR hearing, Applicant testified that he did not file an appeal because the ten-day time period in which Applicant was required to file a notice of appeal expired, that Applicant thought counsel advised Applicant of his right to appeal, but that Applicant did not understand what an appeal was. Applicant testified that he pled guilty because he was scared, that the state did not have evidence against Applicant, and that Applicant did not understand what he was doing because Applicant was taking medication. Applicant testified that he cannot think fast such that Applicant needed more time with counsel, that counsel did not explain everything well enough for Applicant to understand, and that Applicant did not inform the plea court of this issue because Applicant was nervous.

Applicant testified that he was indicted for a crime nearly 30 years after the crime occurred and that if the charge was brought in a timely fashion the victim could have undergone a medical exam, which would have demonstrated Applicant's innocence. Applicant testified that he did not know whether he should have informed the plea court about his misunderstandings. Applicant testified that he believed if he had proceeded to trial a jury would have found Applicant not guilty.

### *Ms. Johnson's Testimony*

At the PCR hearing, counsel testified that she was appointed to represent Applicant, that she met with Applicant several times, and that she discussed with Applicant the elements of the crimes and what the state was required to prove. Counsel testified that Applicant denied the allegations and charges made against him, that counsel filed a discovery motion, and received the discovery materials. Counsel testified that the discovery materials included: forensic interview of the minor victim, statement given by the adult victims, and a video interview of a victim who resided in Arizona at the time. Counsel testified that she reviewed all the discovery materials with Applicant, that Applicant required extra time to comprehend; and that counsel took extra time to explain and discuss everything slowly with Applicant.

Counsel testified that she discussed possible defenses with Applicant, including Applicant was innocent and the victims were making up stories. Counsel testified that such a defense was [not] going to be successful at a trial because the victim's testimony at trial was going to be compelling and one of the victims was sought out by the police rather than coming forward herself. Counsel testified that she obtained DSS and medical records of the victims, that she attempted to contact victim J, but that the victim refused to speak with counsel. Counsel testified that she engaged in plea negotiations on Applicant's behalf, that Applicant was offered a plea deal where Applicant would be parole eligible, and that because of the age of the crimes they predated the omnibus crime bill counsel negotiated said deal so Applicant would not have to plead under no-parole.

Counsel testified that she carefully and slowly discussed with Applicant the options available to Applicant in terms of the benefits and drawbacks of pleading guilty versus proceeding to trial as well as what a guilty plea proceeding would entail. Counsel testified that she had no questions as to Applicant's competency because Applicant was able to hold down jobs and was married three times, and that Applicant just needed extra time to process information. Counsel testified that she took extra precautions to ensure Applicant understood Counsel, testified that based on the facts of the case and counsel's discussions with Applicant, counsel believed that Applicant made a knowing and intelligent guilty plea. Counsel testified that Applicant never asked counsel to file an appeal and that counsel did not believe there was any factual or legal basis to appeal.

### III.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

At the outset of the hearing, Respondent made a motion to dismiss Applicant's claims, excluding Applicant's claim of a belated appeal, based on Applicant's failure to comply with the filing procedures of the Uniform Post Conviction Procedure Act. This Court reserved ruling on the motion to dismiss at the hearing. The Applicant was convicted of the offenses he challenges on February 9, 2009. The Applicant was therefore required to file his application on or before February 9, 2010. This application was filed on April 5, 2011, well after the one-year statutory filing period expired. This Court grants Respondent's motion to dismiss Applicant's claims, excluding Applicant's claim of a belated appeal, for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act.

This Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court records regarding the subject convictions, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel. Pursuant to S.C. Code Ann. §17-27-80 (2003), this Court makes the following findings of fact based upon all of the probative evidence presented.

Applicant asserts that counsel was ineffective for failing to file an appeal. This Court does not find the Applicant credible concerning his testimony regarding requesting that an appeal be filed and that he did not understand what an appeal was. Applicant's right to appeal was discussed extensively by the plea judge at Applicant's guilty plea hearing. (Tr. p.20-22). The Applicant has not proven that he instructed plea counsel to appeal from his guilty plea. Weathers v. State, 319 S.C. 59, 459 S.E.2d 838 (1995). This Court finds that plea counsel testified credibly that she informed Applicant about his right to appeal and that counsel was not told to file an appeal. When the question is whether counsel was ineffective in failing to file a direct appeal from the conviction and sentence, the United States Supreme Court has held that counsel has a constitutionally-imposed duty to consult with a defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000). Counsel testified that had Applicant indicated to counsel that he wanted to appeal counsel would have filed an appeal. Under these circumstances, counsel's failure to file an appeal was not unreasonable. This Court finds that counsel was not ineffective in failing to file an appeal; therefore, this allegation is denied and dismissed.

**All Other Claims**

Except as discussed above, this Court finds that the Applicant affirmatively waived the remaining allegations set forth in his application at the hearing. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339,415 S.E.2d 384 (1992). A waiver may be express or implied. "An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Lyles v. BMI, Inc, 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987). The Applicant's failure to address these issues at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations are denied and dismissed.

### IV.  CONCLUSION

Based on all the forgoing (sic), this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application for post conviction relief. Therefore, this application for post conviction relief must be denied and dismissed with prejudice. This Court notes that Applicant must file and serve a notice of intent to appeal within thirty (30) days from receipt of this Order to secure the appropriate appellate review. *See* Rule 203, SCACR. Rule 71.1(g), SCRCP; Bray v. State, 336 S.C. 137.620 S.E.2d 743 (2005), for the obligation of Applicant's counsel to file and serve notice of appeal. The Applicant's attention is also directed to South Carolina Appellate Court Rule 243 for appropriate procedures after notice has been timely filed.

**IT IS THEREFORE ORDERED**:

1. That the Application for Post-Conviction Relief must be denied and dismissed with prejudice; and
2. Applicant must be remanded to the custody of Respondent.

App. 128-133.

Petitioner appealed the PCR court's decision and on December 2, 2004, Appellate Defender Katherine H. Hudgins of the South Carolina Commission on Indigent Defense filed a

*Johnson*[2] Petition for Writ of Certiorari on Petitioner's behalf. ECF No. 19-2.  There, Petitioner

presented the following three issues:

1. Did the PCR judge err in refusing to grant a belated direct appeal pursuant to White v. State when Petitioner did not knowingly and intelligently waive the right to direct appeal?

2. Did the PCR judge err in dismissing the other claims presented in the post conviction relief application for failure to file within the one year statute of limitations when the delay in filing was due to petitioner's lack of education and limited ability to read and write?

3. Was the guilty plea rendered involuntary by the fact that Petitioner did not understand that the judge was not bound by the sentence recommendation from the State?

*Id.* at 3. Petitioner filed a pro se response to the *Johnson* Petition. ECF No. 19-3. The South Carolina Court of Appeals denied the Petition for Writ of Certiorari on March 11, 2014. ECF No. 19-4. Thereafter the court issued the Remittitur on March 27, 2014. ECF No. 19-5.

III.    Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus, quoted verbatim:

GROUND ONE: PCR judge err in refusing to grant a belated direct appeal when Petitioner did not knowingly/intelligently waive [that] right.
Supporting Facts: Plea counsel should have explained the right to appeal to Kennedy. Kennedy had a seventh grade education and had trouble reading/writing. The record of both the plea hearing/at PCR reflect that Kennedy had difficulty understanding concepts involved with the legal proceedings.

GROUND TWO: Did the PCR judge err in dismissing the other claims presented in the PCR application for failure to file within the one year statute of limitations when the delay in filing was due to petitioner's lack of education and limited ability to read/write.

---

[2] *See Johnson v. State*, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988).

>Supporting Facts: At PCR, counsel for Petitioner argued that that the State's motion to dismiss should be denied due to Petitioner's "limited intellectual abilities in being able to file this timely."
>
>GROUND THREE: Was the guilty plea rendered involuntary by the fact that Petitioner did not understand that the judge was not bound by the sentence recommendation from the State?
>Supporting Facts: The judge told Kennedy, "All right. Recommendation let me see if I can explain it to you this way. Monday morning the State is going to stand up and say, Judge, I want you to give this man 30 years. I want you to give this man 20 years. They are going to tell me what they want me to do. Do you understand?" Kennedy responded, "Ok, Okay." Kennedy then said he understood what a recommendation is.
>
>GROUND FOUR: Did the judge err in refusing to accept the recommendation of the State for a 30 year sentence?
>Supporting Facts: Counsel was ineffective in failing to fully explain that the judge was rendered involuntary by the fact that Kennedy did not understand the nature of a recommended sentence. There is a reasonable probability that if Kennedy knew he could receive a consecutive sentence in excess of 30 years, he would not have pled guilty and would have insisted on going to trial.

ECF No. 1.

    B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

  C. Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## IV. Analysis

### A. Timeliness of Petitioner's Application

Respondent argues that Petitioner's habeas petition should be dismissed because it is not timely. ECF No. 19 at 7-8. As stated above, the AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state

> court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not appeal his conviction and sentence. Accordingly, the AEDPA's one-year statute of limitations began running when his state convictions became final. *See Gonzalez*, 132 S. Ct. at 654 (finding a Petitioner's conviction and sentence become "final" when his "time for seeking review with the State's highest court expire[s]."). Here, Petitioner had ten days to timely file a notice of appeal from his conviction and sentence. *See* Rule 203 (b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Therefore, his conviction and sentence became final on February 19, 2009, or ten days after his guilty plea and sentencing on February 9, 2009. Pursuant to *Gonzalez*, the statute of limitations began running on February 19, 2009. Petitioner subsequently filed his PCR application over two years later on April 5, 2011, (2011-CP-04-01109). App. 79. By the time Petitioner filed his PCR application, the AEDPA statute of limitations had expired, even though if timely filed, a petitioner's PCR proceedings will toll the one-year limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Therefore, Petitioner's habeas Petition, filed on April 11, 2014, is untimely and must be dismissed. 28 U.S.C. § 2244(d).

11

B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that

12

decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

In his response to Respondent's Summary Judgment Motion, Petitioner concedes that his habeas Petition is not timely. ECF No. 23 at 4-5. Neither does Petitioner argue that equitable tolling should apply to his case. Moreover, the undersigned does not find that Petitioner has presented evidence of an extraordinary circumstance that was beyond his control that prevented him from filing a timely habeas petition. Therefore, Petitioner has failed to satisfy his burden of demonstrating entitlement to equitable tolling. Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).

Petitioner contends any default should be excused based on "the doctrine of actual innocence." ECF No. 23 at 7. The undersigned finds that this argument is without merit. Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). Even if the undersigned were to assume that an "actual innocence" exception exists for a habeas claim barred by the statute of limitations, Petitioner has failed to meet its extremely high threshold standard. A petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* at 538 (quoting *Schlup*, 513

U.S. at 327 (internal quotations and citation omitted)). Also, Petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In this matter, Petitioner has not offered any new evidence to support an "actual innocence" claim. Accordingly, it is recommended that Respondent's Motion for Summary Judgement be granted.[3]

V.     Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 18, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

March 16, 2015                                                                      Kaymani D. West
Florence, South Carolina                                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Because the court finds that the statute of limitations bars Petitioner's § 2254 Petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).